**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **MARKETTA IVORY AND MOESHA DIXON, Individually and as the natural parent of, next friend of, and on behalf of KAMANI DIXON, a minor** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION No.: 3:24-CV-471-HTW-LGI** |
| **B'Z BIZZY BEEZ DAYCARE, LLC; BEATRICE NASH, in her official and personal capacities; and JOHN DOES 1-20** | **DEFENDANTS** |

---

## ORDER

---

Before this court is Defendants' Motion [ECF No. 4] to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 8[1] and 12(b)(6)[2]. Plaintiffs oppose the motion [ECF No. 7] and, alternatively, request leave to amend their pleadings. For the following reasons, this court GRANTS IN PART and DENIES IN PART Defendants' motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Marketa Ivory ("Ivory") and Moesha Dixon ("Dixon") (collectively, "Plaintiffs") filed this action alleging multiple claims, including age discrimination, retaliation under Title VII, intentional infliction of emotional distress, negligent hiring and supervision, and wrongful termination under Mississippi common law. Plaintiffs were at-will employees at B'Z Bizzy Beez

---

[1] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

Daycare in Jackson, Mississippi. Their claims herein arise from an incident on or about April 12, 2024, when a co-worker at B'Z Bizzy Beez Daycare allegedly struck Ivory's infant grandchild. Plaintiffs reported the incident to Mississippi Child Protection Services. According to the Complaint, shortly thereafter, Plaintiffs were suspended pending an investigation, then discharged from employment.

Ivory filed an EEOC charge dated April 25, 2024, alleging retaliation under Title VII[3]. The entirety of the narrative contained in Plaintiff Ivory's EEOC charge, dated April 25, 2024, states:

> "I began employment with the above-named employer as a teacher around the end of June 2023. On April 12, 2024, a coworker hit my 9-month-old grandbaby for wasting coffee. My daughter, who was employed there at the time, admonished the teacher for hitting her child and shortly thereafter quit. Child Protective Services was called and once the owner found out that my daughter made the call, I was discharged. I believe that I was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended."

Notably, the charge does not reference age discrimination or otherwise assert facts from which such a claim could reasonably be inferred[4].

On August 13, 2024, Plaintiffs filed their Complaint [ECF No. 1] in this federal forum, asserting the following causes of action[5]: (1) Age Discrimination under Title VII; (2) Intentional Infliction of Emotional Distress; (3) Civil Assault; (4) Civil Battery; (5) Negligent Infliction of Emotional Distress; (6) Gross Negligence; (7) Employment Retaliation; and (8) Negligent Hiring, Retention, Supervision and/or Control.

---

[3] Title 42 U.S.C. § 2000e-2(a) provides: "[i]t shall be an unlawful employment practice for an employer -(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ... ."

[4] The EEOC issued a right-to-sue letter [ECF No. 1-2].

[5] Age Discrimination and Employment Retaliation are the only federal causes of actions. Plaintiffs assert the remaining causes under Mississippi law.

Defendants have now moved to dismiss all claims, arguing failure to exhaust administrative remedies, failure to state a claim upon which relief may be granted, and insufficient factual allegations under Rule 8. Plaintiffs filed a response in opposition, requesting that they be allowed to amend their Complaint. Plaintiffs failed to attach a proposed Amended Complaint to their responsive pleading.

## II.    JURISDICTION

This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331[6] for federal questions arising under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367[7].

## III.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff

---

[6] Title 28 U.S.C. § 1331:

- Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[7] Title 28 U.S.C.A. § 1367 states in pertinent part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); however, legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Iqbal*, 556 U.S. at 678.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, the pleading must include more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. A formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

Dismissal is appropriate if the complaint fails to set forth enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. In evaluating a Rule 12(b)(6) motion, courts may consider the complaint, documents attached to the complaint, and matters of which judicial notice may be taken. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Where a claim under Title VII or ADEA is premised on discrimination, plaintiffs must first exhaust administrative remedies by filing a timely EEOC charge and receiving a right-to-sue letter. *Price v. Choctaw Glove & Safety Co*., 459 F.3d 595, 598–99 (5th Cir. 2006); *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

## IV.    ANALYSIS

Mississippi is an employment-at-will state and follows "the common law rule that a contract of employment for an indefinite period may be terminated at the will of either party." *McArn v. Allied BruceTerminex Co*., 626 So. 2d 603, 606 (Miss. 1993) (internal quotation marks omitted). In *McArn*, however, the Supreme Court of Mississippi created a limited public policy exception to the general employment-at-will doctrine, holding:

> there should be in at least two circumstances, a narrow public policy exception to the employment at will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act as in Laws shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

626 So. 2d at 607. This Court, then, must analyze whether Plaintiffs' asserted claims fall within the limited *McArn* exception to Mississippi's employment-at-will doctrine.

### A.  Age Discrimination Claim

This claim must be dismissed with prejudice. The sole EEOC charge attached to the motion alleges only retaliation, not age discrimination. The narrative in the charge contains no reference to age, nor does it include facts from which an age-based claim could "reasonably be expected to grow." *Thomas v. Tex. Dep't of Crim. Justice,* 220 F.3d 389, 395 (5th Cir. 2000). Because Ivory failed to exhaust her administrative remedies as to this claim, this Court lacks jurisdiction. *See Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). No amended complaint was filed to cure this defect. Accordingly, this claim is barred.

### B.  Retaliation Claim

Plaintiffs sufficiently have pled a retaliation claim under Title VII. The Complaint asserts that Ivory was discharged after Plaintiffs reported suspected child abuse to Mississippi authorities,

a statutorily protected act under Miss. Code Ann. § 43-21-353. See also *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993). Ivory alleges she was terminated shortly after this report was made. Construing the pleadings in Plaintiffs' favor, the Complaint states a plausible retaliation claim. This claim survives dismissal.

### C. Wrongful Termination under *McArn*

The Complaint alleges Plaintiffs were discharged for reporting abuse of a minor child. Reporting such conduct—especially where statutorily required—falls within the narrow public policy exception recognized in *McArn*, which protects employees who report illegal acts. *See also Kyle v. Circus Circus Miss.*, Inc., 430 F. App'x 247, 248 (5th Cir. 2011). At this stage, the court finds Plaintiffs' allegations sufficient to survive dismissal of their state-law wrongful termination claim.

### D. State Tort Claims

The Complaint provides minimal factual support for these claims. Still, at the Rule 12(b)(6) stage, the Court must assess whether the Defendants have fair notice of the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Although sparse, the Complaint identifies the alleged incident (a child being struck), the parties involved, and the resulting terminations. Defendants' arguments about conclusory pleading may be revisited under Rule 56, Summary Judgment standard but the Court finds the allegations sufficient to proceed at this juncture, except where otherwise barred.

### E. Leave to Amend under Rule 15

Under Rule 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Plaintiffs have requested leave to amend

should the Court find the current Complaint insufficient. The Fifth Circuit generally permits at least one opportunity to cure pleading defects. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). Plaintiffs did not submit a proposed amended complaint, and the failure to exhaust administrative remedies as to the age discrimination claim is incurable by amendment. Leave to amend that claim is therefore denied as futile.

Nonetheless, this Court will grant Plaintiffs fourteen (14) days from the date of this Order to seek leave to amend any other claim(s) not dismissed with prejudice. If Plaintiffs fail to do so within that period, Defendants may renew their motion for dismissal.

## V.    CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss [ECF No. 4] is GRANTED as to Plaintiff Marketta Ivory's claim of age discrimination, which is DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies.

2. The Motion is DENIED as to Plaintiffs' claims for retaliation, wrongful termination, and state law torts at this juncture.

3.  Plaintiffs are granted 14 days from the date of this Order to file a Motion for Leave to Amend under Rule 15(a)(2) to cure other pleading deficiencies, if any.


**SO ORDERED AND ADJUDGED this the  24th   day of June      , 2025.**

                                          /s/HENRY T. WINGATE
                                          **UNITED STATES DISTRICT COURT JUDGE**